IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM A. BORDERS, | :: | MOTION TO VACATE |
| Movant, | :: | |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:82-CR-75-JEC-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:12-CV-502-JEC-LTW |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the above time period.

**SO ORDERED**, this 16 day of March, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM A. BORDERS,<br>Movant, | :: | MOTION TO VACATE |
| v. | :: | CRIMINAL ACTION NO.<br>1:82-CR-75-JEC-LTW |
| UNITED STATES OF AMERICA,<br>Respondent. | :: | CIVIL ACTION NO.<br>1:12-CV-502-JEC-LTW |

**FINAL REPORT AND RECOMMENDATION**

Movant William A. Borders, through counsel, has filed a "Motion to Vacate Conviction." (Doc. 2.)[1] Respondent filed a response opposing the motion, (Doc. 6), and Movant filed a reply, (Doc. 7). The Honorable Julie E. Carnes referred Movant's motion to the undersigned for review and issuance of a report and recommendation concerning the merits of the motion and the appropriate procedural mechanism for Movant's challenge. (Doc. 8.) For the reasons discussed below, the undersigned recommends that the motion not be construed as a motion under 28 U.S.C. § 2255 and that it be denied.

I. **BACKGROUND**

On March 29, 1982, a jury in this Court convicted Movant, an attorney, for his involvement in a conspiracy to bribe a former U.S. District Judge. (Doc. 1 at 1, 3); *United States v. Borders*, 693 F.2d 1318, 1319 (11th Cir. 1982). On May 7, 1982, the

---

[1] All citations in this Final Report and Recommendation to the record refer to case number 1:82-cr-75-JEC-LTW.

Court sentenced Movant to five years of imprisonment and a $35,000 fine, and Movant began serving his prison sentence in or before May 1983. (*Id.* at 4-5.) Movant's convictions and sentence were affirmed on appeal on December 10, 1982. *Borders*, 693 F.2d at 1319. On September 14, 1983, the Court denied Movant's motion to reduce his sentence. (Doc. 1 at 5.) On July 15, 1985, the Court denied Movant's motion to vacate, set aside, and/or correct his sentence under 28 U.S.C. § 2255. (*Id.* at 6.)

On January 20, 2001, the President of the United States granted Movant a full and unconditional pardon for his convictions and sentence in this case. (Doc. 2 at 3.) Over nine and a half years later, Movant filed his motion to vacate conviction that is the subject of this Final Report and Recommendation. (Doc. 2.)

Movant does not identify in his motion, or in his reply brief, the source of the Court's purported power to vacate his conviction. (Docs. 2, 7.) Movant does not mention 28 U.S.C. § 2255, the All Writs Act, or any other legal vehicle that allows the Court to vacate his conviction. (*Id.*) Respondent suggests that Movant's motion should be construed as a § 2255 motion, but argues that relief under § 2255 is not available to Movant for several reasons. (Doc. 6 at 5-6.) Respondent further argues that Movant's presidential pardon does not entitle him to vacatur of his valid criminal convictions. (*Id.* at 6-10.)

## II. DISCUSSION

Movant's motion to vacate his convictions should not be construed as a § 2255

motion because it is not cognizable under § 2255. Section 2255 applies only to

> [a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Movant is not "in custody under sentence of a court," as his sentence expired over twenty years ago. While physical confinement is not required for a convicted person to be "in custody," a fully expired sentence precludes a finding that the person is in custody. *See Maleng v. Cook*, 490 U.S. 488, 491-92 (1989). Collateral consequences of a conviction, e.g., the inability to vote or hold public office, are not sufficient to render a person in custody, but even if they were Movant's presidential pardon removed the collateral consequences of his convictions. *See id.*; *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Bjerkan v. United States*, 529 F.2d 125, 126, 129 (7th Cir. 1975) (holding that presidential pardon mooted pending § 2255 motion because the pardon removed the collateral consequences of the criminal convictions and "restore[d] state as well as federal civil rights").

Movant's motion to vacate his convictions is not cognizable under § 2255 for yet another reason. Movant does not contend that his convictions or sentence were imposed in violation of federal law, that the Court lacked jurisdiction to impose his sentence, that his sentence exceeded a statutory maximum, or that his sentence is otherwise subject to collateral attack, which are the only grounds for obtaining relief

under § 2255. *See* 28 U.S.C. § 2255(a). Indeed, Movant does not challenge the imposition of his convictions or sentence at all, but essentially seeks to vacate the convictions as a procedural matter because of the pardon. Movant has stated no cognizable claim to relief under § 2255. *See* 28 U.S.C. § 2255(a); *United States v. Addonizio*, 442 U.S. 178, 184, 187 (1979) (finding "no basis for enlarging" the "narrowly limit[ed]" grounds for relief under § 2255). Thus, Movant's motion to vacate his convictions should not be construed as a § 2255 motion.

Movant cannot obtain relief under 28 U.S.C. § 2241, the general habeas corpus statute, for the same reason that he cannot obtain relief under § 2255 – he is not in custody. "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody" under color of federal authority, pursuant to a federal court order, in violation of federal law, or for other reasons. 28 U.S.C. § 2241(c); *see Carafas*, 391 U.S. at 238 ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed. This is required . . . also by the history of the great writ."). As discussed above, Movant is not "in custody" for purposes of obtaining habeas relief.[2]

---

[2] Because Movant is not in custody, he cannot obtain habeas relief under § 2241 directly or indirectly via § 2255's "savings clause." The savings clause applies only to "a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255]." 28 U.S.C. § 2255(e). Movant is not authorized to obtain relief under § 2255 for the reasons discussed above. Moreover, the Court of Appeals for the Eleventh Circuit has limited the use of the savings clause to previously foreclosed claims that are based on retroactively applicable Supreme Court decisions establishing that the prisoner was convicted of a non-existent offense. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). Movant asserts no such claim.

4

Aside from § 2255 and § 2241, the only authority the undersigned has found for a federal court to vacate a criminal conviction after the sentence has been served is the All Writs Act, which allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("[F]ederal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." (quotation marks omitted)). Courts have recognized two writs that may, under extraordinary circumstances, provide a basis to vacate a criminal conviction – the writ of *error coram nobis* and the writ of *audita querela de novo. See United States v. Frank*, 414 F. App'x 252, 253-54 (11th Cir. 2011); *United States v. Crowell*, 374 F.3d 790, 794-95 (9th Cir. 2004) ("[W]e have recognized that petitions for *coram nobis* and *audita querela* may provide relief for persons who have grounds to challenge the validity of their conviction but, because they are not yet in custody or are no longer in custody, are not eligible for relief pursuant to § 2255."). Movant does not invoke either writ (or any other recognized basis) for obtaining an order vacating his convictions. The undersigned nevertheless finds that he cannot obtain relief via either writ for the following reasons.

Movant has not shown that he is entitled to a writ of *error coram nobis*.

> The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice. A court's jurisdiction over coram nobis petitions is limited to the

> review of errors "of the most fundamental character." Such errors do not include "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence." In addition, courts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier.

*United States v. Mills*, 221 F.3d 1201, 1203-04 (11th Cir. 2000) (citations omitted). "Errors of the most fundamental character" are those that "rendered the proceeding itself irregular and invalid." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (citation and internal quotations omitted). Movant has alleged no error in his convictions or sentence, much less a fundamental error that rendered any proceedings in this case irregular and invalid. Nor has Movant presented sound reasons for his delay in seeking the relief he now seeks, especially given that he was pardoned almost ten years before he filed his motion to vacate conviction and the pardon is the sole basis for the motion.

Movant has not shown that he is entitled to a writ of *audita querela de novo*. The U.S. Court of Appeals for the Eleventh Circuit has held that this writ is not available when the relief sought is cognizable under § 2255, *Holt*, 417 F.3d at 1175, but does not appear to have defined the requirements for the writ in cases where relief is not available under § 2255. "Several Circuit Courts of Appeals have held that a writ of *audita querela* may only be issued where there is a legal defect in a conviction, as opposed to mere equitable grounds for relief." *United States v. Abel*, No. 6:91-cr-35-Orl-19, 2010 WL 883816, at *3 (M.D. Fla. Mar. 8, 2010) (citing decisions from the

First, Second, Fifth, Seventh, and Ninth Circuit Courts of Appeal); *see United States v. Banda*, 1 F.3d 354, 357 (5th Cir. 1993) (observing that this writ "is a slender reed upon which to lean"). District courts in the Eleventh Circuit have held that the same requirements for a writ of *error coram nobis* apply to a writ of *audita querela*. *See id.*; *United States v. David*, No. 4:92cr4013-WS, 2009 WL 2495931, at *3 (N.D. Fla. Aug. 10, 2009). Movant has asserted no legal defect in his convictions or sentence and, thus, has shown no basis for granting either extraordinary writ under the All Writs Act.

Having found no power to vacate Movant's convictions, the undersigned finds it unnecessary to address the question of a presidential pardon's effect on underlying convictions. Even if, as Movant argues, a presidential pardon is intended to extinguish a conviction (and not merely remove punishment for the conviction or expunge the written record of the conviction),[3] this Court cannot simply effectuate that

---

[3] Movant relies primarily on the following passage from *Ex parte Garland*, 71 U.S. (4 Wall.) 333, 380-81 (1866): "[a] pardon reaches both the punishment prescribed for the offence and the guilt of the offender . . . and blots out of existence the guilt." (Doc. 2.) Federal and state courts have consistently found that language to be dicta. *See In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994) ("This expansive view of the effect of a pardon turned out to be dictum."); *United States v. Noonan*, 906 F.2d 952, 958 (3d Cir. 1990) ("By 1915 . . . the [Supreme] Court made clear that it was not accepting the *Garland* dictum that a pardon 'blots out of existence the guilt.'" (citing *Burdick v. United States*, 236 U.S. 79 (1915)); *Bjerkan*, 529 F.2d at 128 n.2 ("A pardon does not 'blot out guilt' . . . as was suggested in *Ex Parte Garland*."); *R.J.L. v. State*, 887 So. 2d 1268, 1275 (Fla. 2004) ("[S]everal federal courts have subsequently rejected *Garland*'s dictum in recent cases in which the courts were also determining the effect of a presidential pardon."); *In re Abrams*, 689 A.2d 6, 17 (D.C. 1997) (en banc) ("The courts, both federal and state, have thus accurately described the 'blotting out' discussion in *Garland* as 'dictum.'" (alteration omitted)); *see also*

7

intent by vacating a conviction when there is no procedural mechanism for doing so. The Court has no general equitable, non-statutory authority to vacate convictions, and Movant has offered no authority that the mere issuance of a presidential pardon changes that fact. *See Renteria-Gonzalez v. I.N.S.*, 322 F.3d 804, 812 (5th Cir. 2002) (holding that district courts do not have "*equitable* authority" to vacate a conviction because "[n]o adequate statutory or historical warrant authorizes the federal courts to add new equitable remedies to the federal post-conviction remedial scheme" (quotation marks omitted)).

Federal courts of appeal that have reviewed requests to expunge the written record of a conviction on the basis of a presidential pardon have denied those requests, finding no basis for expungement. *See In re North*, 62 F.3d 1434, 1436-37 (D.C. Cir. 1994) ("Because a pardon does not blot out guilt or expunge a judgment of conviction, one can conclude that a pardon does not blot out probable cause of guilt or expunge an indictment."); *United States v. Noonan*, 906 F.2d 952, 956, 960 (3d Cir. 1990) (holding that a pardoned person is not entitled to expunction of his criminal record "because the grant of a pardon does not wipe out the record of a conviction"); *see also Knote v. United States*, 95 U.S. 149, 153-54 (1877) (observing that a pardon "does not make amends for the past" and that the criminal offense is "established by judicial proceedings"). If a pardon, standing alone, does not authorize expunction of the

---

*Carlesi v. New York*, 233 U.S. 51, 55, 59 (1914) ("[T]he contention as to the effect of the pardon here pressed [that a pardoned federal conviction could not be used to enhance a sentence for a subsequent state conviction] is devoid of all merit . . . .").

8

record of a criminal conviction, it surely does not authorize vacatur of the conviction. But this issue need not be resolved because, as discussed above, Movant has not shown that the Court has the power to vacate his criminal convictions for any reason.

## III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate conviction [2] not be construed as a motion under 28 U.S.C. § 2255 and that the motion be **DENIED**.

**SO RECOMMENDED** this 16 day of March, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE