```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION
```

| | | |
|---|---|---|
| WILLIAM A. BORDERS, | : | CRIMINAL ACTION NO. |
|     Movant, | : | 1:82-cr-75-JEC-LTW |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-cv-502-JEC-LTW |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |

## **ORDER**

In September 2010, Movant William A. Borders, through counsel, filed a motion to vacate his criminal conviction entered by this Court in 1982 after a jury trial. ([2] in 1:82-cr-75-JEC-LTW.) Movant completed his prison sentence imposed for the conviction approximately twenty-five years ago. In 2001, the President of the United States granted Movant a full and unconditional pardon.

Magistrate Judge Walker issued a Report and Recommendation that recommends denying Movant's motion because there is no recognized authority for the Court to vacate Movant's criminal conviction given that he completed his sentence long ago, was not in custody when he filed his motion, and does not contend that the conviction or sentence was unlawful. (Report and Recommendation [11] ("R&R").) Judge Walker further recommends that Movant's motion to vacate not be construed as a motion under 28 U.S.C. § 2255. (*Id.*) Movant filed objections to the R&R. ([12].)

A district judge much conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732,

732 (11th Cir. 1982). This review takes different forms, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 Fed. App'x 781, 784 (11th Cir. 2006).

Article II, Section 2, Clause 1 of the U.S. Constitution provides that "[t]he President . . . shall have Power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of Impeachment." The thrust of Movant's argument appears to be that if the President grants a pardon after a person has been convicted of a federal crime, the only means to give force to the pardon is for the federal court in which the judgment of conviction was entered to vacate the conviction. (Movant's Mot. to Vacate [2] and Obj. to R&R [12].) Movant argues that the presidential pardon provision in the Constitution "grants this court the authority and the procedural mechanism to grant [Movant's] request" and that failure to vacate the conviction "runs afoul of the United States Constitution." (Movant's Obj. [12] at 1.) The Court disagrees and finds, for the reasons set out in the R&R, that the Court does not have the power to vacate Movant's criminal conviction.

Movant has cited no case where a federal court vacated a

2

AO 72A
(Rev.8/82)

federal criminal conviction because of a presidential pardon, and the Court has found no such case. As noted in the R&R, federal courts have refused to expunge the record of criminal convictions on the basis of presidential pardons, which is a less drastic remedy than the outright vacatur of a conviction that Movant seeks here. (*See* R&R [11] at 8-9); *see also* Mem. Op. for the U.S. Pardon Att'y from Dep't of Justice Office of Legal Counsel, *Whether a Presidential Pardon Expunges Judicial and Executive Branch Records of a Crime*, 2006 WL 6167045 (O.L.C.)(Aug. 11, 2006)(concluding that a presidential pardon does not automatically expunge judicial or executive branch records relating to the conviction or underlying offense). And while the Constitution clearly gives the President the power to grant pardons, as was done in Movant's case, the pardon clause does not give federal courts the power to vacate a criminal conviction to effect or carry out a pardon. Movant has cited no other constitutional provision ostensibly authorizing such relief.

Movant concedes that a post-conviction presidential pardon eliminates the collateral consequences and disabilities flowing from the criminal conviction, but is not content to rely on the pardon, itself, to avoid such consequences and disabilities. Movant argues that he has no recourse, despite the pardon, other than to seek vacatur of his criminal conviction. Regardless of the pardon's actual benefit to Movant or its utility in removing disabilities

3

flowing from his criminal conviction, the long-established law regarding the finality of convictions and federal courts' limited power to disturb them precludes the relief Movant seeks here. (*See* R&R [11] at 2-9.)

Accordingly, the Court **OVERRULES** Movant's objections [12] and **ADOPTS** the R&R [11] as the opinion of the Court.  Movant's motion to vacate conviction [2] is **DENIED**.  Civil action number 1:12-cv-502-JEC-LTW is **DISMISSED**.

**SO ORDERED** this 7th day of JUNE, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)